IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| MASON KENT McENTIRE,<br><br>        Petitioner,<br><br>v.<br><br>DEPUTY WARDEN WHITE, ARIZONA ATTORNEY GENERAL,<br><br>        Respondents. | CIV 09-02295 PHX JAT (MEA)<br><br>REPORT AND RECOMMENDATION |

**TO THE HONORABLE JAMES A. TEILBORG:**

On or about October 29, 2009, Petitioner filed a *pro se* petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondents filed an answer to the petition on May 17, 2010. See Docket No. 11 ("Answer"). On June 1, 2010, Petitioner filed a response to the motion to dismiss the habeas petition. See Docket No. 12.

**I Procedural History**

A Maricopa County grand jury indictment issued August 2, 2006, charged Petitioner with two counts of child molestation, each a Class 2 felony and dangerous crime against children, and one count of public sexual indecency involving a minor under fifteen years of age, classified as a Class 5 felony. See Answer, Exh. A. The state further alleged several

aggravating circumstances, including multiple offenses not occurring on the same date. See id., Exh. B.

On January 12, 2007, Petitioner and his counsel signed a plea agreement with regard to the charges stated in the grand jury indictment. See id., Exh. C. Petitioner and the state agreed that Petitioner would plead guilty to one count of public indecency to a minor and two counts of attempted child molestation. Id., Exh. C. The plea agreement provided that, pursuant to his conviction on the first count of attempted child molestation, Petitioner would be sentenced to a term of no less than 10 years imprisonment, the presumptive sentence for this crime. Id., Exh. C. The plea agreement further provided Petitioner would be sentenced to a term of lifetime probation pursuant to his convictions on the other two counts of the indictment. Id., Exh. C. The plea agreement also stipulated that the state would not file charges against Petitioner with regard to another female not named in the original indictment. Id., Exh. C.[1]

Additionally, the plea agreement specifically waived Petitioner's right to appeal his convictions and sentences if he was sentenced in accord with the agreement. Id., Exh. C. Petitioner also agreed to judicial fact-finding by a preponderance of the evidence with regard to any imposed

---

[1] The presentence report indicates that, in the context of the investigation into the charges on which he was indicted, Petitioner admitted to molesting the female named in the plea agreement at some point prior to the time of the events stated in the indictment. Petitioner is the uncle of all three of the victims.

-2-

sentence enhancement.  Id., Exh. C.

A hearing regarding Petitioner's guilty plea was conducted on January 19, 2007.  Id., Exh. D & Exh. E.  At the hearing Petitioner and his counsel stipulated as to the factual basis for each count of conviction.  Id., Exh. D & Exh. E.  Petitioner averred his guilty pleas were knowing and voluntary.  Id., Exh. D & Exh. E.

A presentencing investigation was conducted.  Id., Exh. F.  The presentence report recommended imposition of the presumptive term of imprisonment pursuant to Petitioner's conviction on Count 1.  Id., Exh. F.  The prosecutor asked the trial court to impose the maximum sentence of 15 years imprisonment pursuant to Petitioner's conviction on Count 1.  Id., Exh. F.  A sentencing hearing was conducted on February 26, 2007.  Id., Exh. G.  Petitioner's mother and his counsel spoke on his behalf at the sentencing hearing.  Id., Exh. G.  Petitioner addressed the trial court at the hearing, stating that, although it did not excuse his behavior, the court did not have subject matter jurisdiction over his case.  Id., Exh. G at 15-18.

The state trial court found the existence of aggravating factors, including the age of the victims, i.e., seven years old and three years old, and the fact that the victims were Petitioner's nieces.  Id., Exh. G.  The court also found the existence of mitigating factors, including Petitioner's age, his mental disposition, and his acceptance of responsibility.  Id., Exh. G.  Finding that the mitigating and

aggravating factors counter-balanced each other, the court imposed the presumptive term of imprisonment pursuant to Petitioner's conviction for attempted child molestation, i.e., ten years. Id., Exh. G at 20. The trial court imposed a sentence of lifetime probation on each of the other two counts to which Petitioner pled guilty. Id., Exh. G.

On May 24, 2007, Petitioner initiated an action for post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure. Id., Exh. I. Petitioner's appointed counsel subsequently averred she could find no colorable claims to raise on Petitioner's behalf. Petitioner filed a pro se petition for post-conviction relief in which he argued that his 10 year prison sentence was illegal because attempted molestation of a child was not a "dangerous crime against children" as that term is defined by Arizona Revised Statutes § 13-604.01.

The state trial court denied relief in a decision issued September 22, 2008. The trial court concluded Petitioner was "properly sentenced" pursuant to his conviction for attempted child molestation. Id., Exh. S. As recited by Respondents, the record in this matter indicates that the Arizona Court of Appeals may or may not have properly denied reviewed of the trial court's decision denying relief pursuant to Rule 32, Arizona Rules of Criminal Procedure. Because Respondents do not assert Petitioner has not exhausted his state remedies, the Magistrate Judge concludes recitation of that portion of the record is not necessary.

In his federal habeas petition Petitioner asserts he is subject to an illegal sentence in violation of his rights pursuant to the Sixth Amendment and his right to due process of law. Petitioner contends:

> In April 2008, Petitioner filed a pro se PCR petition raising one claim--specifically, that his 10 year prison term imposed on count one is illegal because ... Arizona Revised Statute 13-604.01 does not apply to his crime of Attempted Molestation of Child. Petitioner claims that A.R.S. 13-604.01 does not provide a conviction or sentence for "Attempted", but that under ARS provides for a sentence and conviction for molestation of a child, but ARS 13-604.01 does not provide for a conviction of Attempted Child Molestation in this case.

Petitioner argues he has been sentenced pursuant to a statute that does not "provide a conviction or sentence in this case."

Respondents assert:

> Neither an extended exegesis on the contours of the Sixth Amendment and the Due Process Clause nor a comprehensive exploration of federal habeas jurisprudence is needed to resolve Petitioner's claim. The state trial court correctly rejected Petitioner's federal claim because the trial court lawfully sentenced him under statutes that indisputably apply to his conviction.

In his reply to the answer to his petition, Petitioner contends his Eighth Amendment rights were violated because he has a due process right to have a "correct sentence imposed by proper authority." Petitioner alleges that his lifetime probation sentences violate his constitutional rights because "sentences imposed on more than one offense at the same time are presumed to run concurrently." Petitioner asserts his sentences

are "wrong," in violation of his Sixth Amendment rights.

**II Analysis**

Regardless of any failure to properly exhaust his habeas claims in the state courts, Petitioner is not entitled to federal habeas relief based on a claim that he was sentenced pursuant to the "wrong" state statute. As explained by Respondents, Petitioner was not sentenced pursuant to the "wrong" statute.

> The State of Arizona classifies the completed crime of molestation of a child as a first-degree dangerous crime against children under § 13-604.01(M)(1)(d), and establishes a presumptive term of 17 years' imprisonment for this Class 2 felony. See A.R.S. § 13-604.01(D) ("[A] person who is at least eighteen years of age or who has been tried as an adult and who stands convicted of a dangerous crime against children in the first degree involving ... molestation of a child ... shall be sentenced to a presumptive term of imprisonment for seventeen years."). The State classifies the preparatory crime of attempted molestation of a child as a Class 3 felony and a second-degree dangerous crime against children in two ways: the general language of the State's "attempt" statutes, and the specific language of the dangerous-crimes-against-children statute itself. Compare A.R.S. § 13- 1001(C)(2) ("Attempt is a ... Class 3 felony if the offense attempted is a [C]lass 2 felony.") with A.R.S. § 13-604.01(M)(1) ("A dangerous crime against children is in the first degree if it is a completed offense and is in the second degree if it is a preparatory offense, except attempted first degree murder is a dangerous crime against children in the first degree."). A Class 3 felony that is a second-degree dangerous crime against children--such as the attempted molestation of a child conviction to which Petitioner pleaded guilty--carries the same presumptive term of imprisonment to which Petitioner stipulated in his plea agreement: 10 years' imprisonment. See A.R.S. § 13-604.01(I).

-6-

> Although Petitioner is correct that the phrase "Attempted Child Molestation" does not appear in § 13-604.01, the crime is included by reference in § 13-604.01(I) by that section's explicit statement that "a person who is at least eighteen years of age or who has been tried as an adult and who stands convicted of a dangerous crime against children in the second degree pursuant to subsection C or D of this section is guilty of a [C]lass 3 felony and shall be sentenced to a presumptive term of imprisonment for ten years." See State v. Peek, 195 P.3d 641, 642-644 (Ariz. 2008) (referring to the inclusion of second-degree, preparatory based offenses in § 13-604.01 as "clear language subjecting attempt offenses" to its provisions)...

Docket No. 11 at 6-7. Accordingly, Petitioner was not sentenced pursuant to the "wrong" statute.

Additionally, a state prisoner may obtain a writ of habeas corpus only upon a showing that he is being held in violation of the Constitution, laws, or treaties of the United States. See 28 U.S.C. § 2254(a) (1994 & Supp. 2010); Engle v. Isaac, 456 U.S. 107, 119, 102 S. Ct. 1558, 1567 (1982). Federal habeas relief is not available for alleged errors in the interpretation or application of state law, including a state's statutes regarding imposition of consecutive or concurrent sentences. See Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475, 480 (1991); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985). "[A] mere violation of state law is not the automatic equivalent of a violation of the federal Constitution." Chambers v. Bowersox, 157 F.3d 560, 564 (8th Cir. 1998) (citation omitted).

Federal habeas relief must be predicated on a violation of the United States Constitution or a federal statute; to be entitled to habeas relief based on an error of state law, the state court's decision must be so fundamentally unfair or unjust as to violate due process, a condition rarely satisfied. See Pulley v. Harris, 465 U.S. 37, 41-42, 104 S. Ct. 871, 874-75 (1984). Some aspects of the sentencing process created by state law are so fundamental that the state must adhere to them in order to impose a valid sentence. See Hicks v. Oklahoma, 447 U.S. 343, 345-47, 100 S. Ct. 2227, 2229-30 (1980); Lannert v. Jones, 321 F.3d 747, 751-52 (8th Cir. 2003). However, in Pulley, the Supreme Court rejected the argument that the state's alleged failure to apply its own proportionality analysis in a death sentence case was a basis for federal habeas relief. Accordingly, Petitioner's objections to the sentencing procedure in his case do not warrant federal habeas review.

To the extent that Petitioner is requesting habeas relief on the basis of the trial court's violation or misapplication of Arizona statutes in and of themselves, "he fails to state a basis for federal habeas relief because 'alleged errors in the application of state law are not cognizable in federal habeas corpus.'" Moor v. Palmer, 603 F.3d 658, 661 (9th Cir. 2010), quoting Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996). To the extent that Petitioner asserts his sentence violated his right to due process because it was improper pursuant to Arizona statutory law, Petitioner has not stated a claim for federal habeas relief. See Souch v.

Schaivo, 289 F.3d 616, 623 (9th Cir. 2002). Although Petitioner asserts that his right to due process was violated because the state allegedly did not follow its sentencing statutes, the characterization of this claim in this fashion does not render it cognizable on federal habeas review. See Cacoperdo v. Demonsthenes, 37 F.3d 504, 507 (9th Cir. 1994); Dellinger v. Bowen, 301 F.3d 758, 765 (7th Cir. 2002).

Similarly, the assertion that the state violated its sentencing statutes with regard to categorization of Petitioner's crimes does not implicate the Eighth Amendment right to be free of a cruel and unusual sentence or the Sixth Amendment's guarantee of a fair trial, including representation by competent counsel and the right to be found guilty beyond a reasonable doubt by a jury on each element of the crime of conviction. Because this claim is not cognizable on federal habeas review, Petitioner is not entitled to relief on this claim.

### III Conclusion

The habeas petition does not state a cognizable claim for federal habeas relief. Petitioner's assertion that the state court erred by sentencing him pursuant to statute not applicable to his crime of conviction is factually and legally incorrect. Additionally, even if legally correct, a state's violation its own sentencing statutes does not in and of itself violate the petitioner's right to due process of law and Petitioner did not receive a sentence that was fundamentally unfair or fundamentally unjust.

**IT IS THEREFORE RECOMMENDED** that Mr. McEntire's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 3rd day of June, 2010.

_____
Mark E. Aspey
United States Magistrate Judge