**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mason Kent McEntire, | No. CV-09-2295-PHX-JAT (MEA) |
| Petitioner, | **ORDER** |
| vs. | |
| Deputy Warden White, et al., | |
| Respondents. | |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. (Doc. #1). On June 4, 2010, Magistrate Judge Mark E. Aspey issued a Report and Recommendation ("R&R") recommending that this Court deny and dismiss the Petition with prejudice. (Doc. #13). On June 18, 2010 Petitioner filed written objections to the R&R. (Doc. #14).

**I. Factual and Procedural Background**

The R&R provides a detailed report of Petitioner's procedural history. (Doc. #13 at 1-6). Petitioner has not objected to the procedural history. (Doc. #14). Therefore, the Court adopts the procedural history as written in the R&R, section I. (Doc. #13 at 1-6).

**II. Standard of Review**

The duties of a District Court in connection with a R & R are set forth in Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1). This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §

636(b)(1). If objection is made, the district judge must review the magistrate judge's findings and recommendations *de novo*. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object."). Accordingly, the Court reviews Petitioner's grounds for his substantive objections *de novo*.

**III. Analysis**

Petitioner raises two theories for habeas relief: (1) Petitioner's Sixth Amendment rights to a fair trial and (2) Petitioner's Eighth Amendment rights to be free from a cruel and unusual punishment. (Doc. #14). In his Petition, Petitioner argues that his sentence is inconsistent with the statute he was convicted under.[1] (Doc. #1).

Petitioner files this case under 28 U.S.C. § 2254 because he is incarcerated based on a state conviction. Under 28 U.S.C. §§ 2254(d)(1) and (2) this Court must deny any claims that Petitioner exhausted before the state courts, unless "a state court decision is contrary to, or involved an unreasonable application of, clearly established Federal law"[2] or was based on an unreasonable determination of the facts.[3] *See Lockyer v. Andrade*, 538 U.S. 63, 71 (2003).

A state prisoner may obtain a writ of habeas corpus only upon a showing that he is

---

[1] The Court notes that Petitioner did not raise the Eighth Amendment violation in his original Petition. Petitioner only included the Eighth Amendment violation in his reply to the State's Response. (Doc. #12). Nonetheless, because the R&R addressed the Eighth Amendment argument, the Court will treat Petitioner's reply as supplement to his Petition.

[2] When applying federal law the state courts only need to act in accordance with Supreme Court case law. *See Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003).

[3] Neither Respondents nor the R&R discuss Petitioner's failure to exhaust. Therefore, this Court will consider the Petition on the merits. *See* 28 U.S.C. § 2254(b)(2) ("[a]n application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

- 2 -

being held in violation of the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a) (1994); *Engle v. Isaac*, 456 U.S 107, 119 (1982). "[A] mere violation of state law is not the automatic equivalent of a violation of the federal Constitution." *Chambers v. Bowersox*, 157 F.3d 560, 564 (8th Cir. 1998) (citation omitted); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("Federal habeas corpus relief does not lie for errors of state law.").

Upon *de novo* review of the portions of the R & R to which Petitioner has objected, the Court concludes that Petitioner's objections are not cognizable habeas claims.

**A. Petitioner's Grounds for Habeas Relief**

Petitioner asserts that his sentence violates the Eight Amendment, the Sixth Amendment and due process of law. He argues that his ten-year sentence is "illegal" because "attempted molestation of a child" does not appear within the statute Petitioner was sentenced under, A.R.S. § 13-604.01. (*See* Doc. #1). However, Petitioner's objections to his sentencing procedure do not warrant federal habeas review because: (1) the trial court correctly applied Arizona law for Petitioner's sentence and (2) even if the trial correct incorrectly applied Arizona law, Petitioner's claim is not cognizable as a federal habeas claim.

State law application errors are not cognizable as federal habeas claims. *Moor v. Palmer*, 603 F.3d 658, 661 (9th Cir. 2010) (citing *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996)); *see Estelle v. McGuire*, 502 U.S. 62 (1991) (holding that federal habeas relief is not available for alleged errors in the interpretation or application of state law, including a state's statutes regarding the imposition of consecutive or concurrent sentences). Rather, the interpretation of state law needs to have "so fatally infected the proceedings as to render them fundamentally unfair" in order to violate the petitioner's rights to due process. *Jammal v. Van de Kamp*, 926 F.2d 918, 919 (9th Cir. 1991); *see Pulley v. Harris*, 465 U.S. 37, 41-42 (1984) (holding that a state court's decision must be so fundamentally unfair or unjust as to violate due process, a condition rarely satisfied).

Petitioner asserts that the state trial court violated federal law by incorrectly

sentencing him under a statute that did not apply to his crime. However, Petitioner misunderstands the trial court's sentencing.

**1. State Sentencing**

The State of Arizona classifies the completed crime of molestation of a child as a first-degree dangerous crime against children under A.R.S. § 13-604.01(M)(1)(d), and establishes a presumptive term of seventeen years imprisonment for this Class 2 felony. *See* A.R.S. § 13-604.01(D).

The State also classifies the preparatory crime of attempted molestation of a child as a Class 3 felony and a second-degree dangerous crime against children. The State does this in two ways: the general language of the State's "attempt" statutes, and the specific language of the dangerous-crimes-against-children statute itself. *Compare* A.R.S. § 13-1001(C)(2) ("Attempt is a . . . Class 3 felony if the offense attempted is a [C]lass 2 felony.") *with* A.R.S. § 13-604.01(M)(1) ("A dangerous crime against children is in the first degree if it is a completed offense and is in the second degree if it is a preparatory offense.").

While Petitioner is correct that the phrase "Attempted Child Molestation" does not appear in A.R.S. § 13-604.01, the crime is included by *reference* in § 13-604.01(I) by that section's explicit statement:

> [A] person who is at least eighteen years of age or who has been tried as an adult and who stands convicted of a dangerous crime against children in the second degree pursuant to subsection C or D of this section is guilty of a [C]lass 3 felony and shall be sentenced to a presumptive term of imprisonment for ten years.

*See also State v. Peek*, 195 P.3d 641, 642-44 (Ariz. 2008) (referring to the inclusion of second-degree, preparatory based offenses in A.R.S. § 13-604.01 as "clear language subjecting attempt offenses" to its provisions); *cf. State v. Carlisle*, 8 P.3d 391, 395-96 (Ariz. App. 2000) ("the legislature specifically classified preparatory offenses such as attempt, other than attempted first degree murder, as dangerous crimes against children in the second degree provided the completed offense would have been a dangerous crime against children in the

- 4 -

first degree.").

A Class 3 felony that is a second-degree dangerous crime against children–such as the attempted molestation of a child offense to which Petitioner pled guilty–carries the same presumptive term of imprisonment to which Petitioner stipulated in his plea agreement. *See* A.R.S. § 13-604.01(I). As such, Petitioner is incorrect that he was sentenced to the "wrong" statute. Therefore, the Court denies Petitioner's grounds for federal habeas relief for substantive reasons. Petitioner has not shown he was improperly sentenced under Arizona law.

**2. Standard for Habeas Relief**

Even if the Court were to find that the trial court misapplied Arizona statues, Petitioner has not stated a claim for federal habeas relief. An error in the application of the Arizona state law sentencing scheme is not cognizable as a federal habeas claim. *See Moor*, 603 F.3d at 661. Furthermore, even considering Petitioner's claims as alleged due process violations under the Constitution, Petitioner still fails to show he is entitled to federal habeas relief.

Specifically, the state court's decision is not so fundamentally unfair or unjust as to violate due process. *See Pulley*, 465 U.S. at 41-42. Petitioner pled guilty to violation of A.R.S. § 13-604.01 which designates a presumptive term of ten years imprisonment. *See* A.R.S. § 13-604.01(I) ("a person who is at least eighteen years of age or who has been tried as an adult and who stands convicted of a dangerous crime against children in the second degree pursuant to subsection C or D of this section is guilty of a [C]lass 3 felony and shall be sentenced to a presumptive term of imprisonment for ten years."). Petitioner realized the possibility of this sentence when he agreed to plead guilty.

Rather than stating a claim for federal habeas relief because of a violation of due process, it appears that Petitioner is solely arguing that the State violated its own sentencing statutes. Characterizing a state law claim as a violation of due process does not render Petitioner's claim as cognizable under federal habeas review. *See Cacoperdo v.*

*Demonstethnes*, 37 F.3d 504, 507 (9th Cir. 1994). Similarly, asserting that the State violated its sentencing statutes with regard to categorization of Petitioner's crimes does not implicate the Eighth Amendment right to be free from cruel and unusual punishment or the Sixth Amendment's guarantee of a fair trial.

Accordingly, the Court finds that Petitioner's grounds for federal habeas relief under the Sixth and Eighth Amendments are denied for two alternative reasons. First, Petitioner's claim is not cognizable on federal habeas review. Second, even considering Petitioner's claim under the Sixth or Eighth Amendments, Petitioner has failed to show he is entitled to relief. Petitioner is not entitled to relief on this claim.

**V. Conclusion**

Accordingly,

**IT IS ORDERED** that the Report and Recommendation is accepted and adopted (Doc. #13), the objections are overruled (Doc. #14), the Petition in this case is denied, with prejudice, and the Clerk of the Court shall enter judgment accordingly.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** that pursuant to Rule 11 of the Rules Governing § 2254 Cases, in the event Petitioner files an appeal, the Court denies issuance of a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).[4]

DATED this 23rd day of July, 2010.

<u>       /s/ James A. Teilborg       </u>
James A. Teilborg
United States District Judge

---

[4] Petitioner cannot take an appeal unless a circuit justice, circuit judge, or district judge issues a Certificate of Appealability ("COA") of specified issues under 28 U.S.C. § 2253(c). *See Slack v. McDaniel*, 529 U.S. 473, 481-82 (2000). A judge may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 483-84. In this case, the Court finds that Petitioner has not shown the denial of a Constitutional right.